UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| JAMES LEONARD "BUD" ROMINE, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. CV-07-S-122-NW |
| TOWN OF ROGERSVILLE, ALABAMA, SCOTT QUINNELLY, KELLY PITTS, TY BARRETT, and HAROLD CHANDLER, ) ) ) ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, James Leonard "Bud" Romine, brought suit against a uniformed officer of the Town of Rogersville, Alabama Police Department named Scott Quinnelly, the Department's Police Chief, Ty Barnett, and the Town's Mayor, Harold Chandler, alleging federal claims under 42 U.S.C. § 1983 for false arrest and excessive use of force, as well as supplemental state law claims.[1] This matter is before the court on the amended motion to dismiss filed by defendant Scott Quinnelly (doc. no. 25).

**I. FACTUAL BACKGROUND**

Plaintiff alleges the following facts, which the court must accept as true for

---

[1] *See* doc. no. 1 (complaint).

purposes of ruling upon defendant's motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *see also*, *e.g.*, *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003) ("The court must first ask the threshold question whether the facts alleged, taken in the light most favorable to the plaintiff[], show that the government official's conduct violated a constitutional right.") (citation omitted).

Officer Quinnelly stopped plaintiff at the intersection of County Road 26 and County Road 128 in Lauderdale County, Alabama.[2] After Quinnelly arrested and handcuffed plaintiff, he violently shoved plaintiff into the patrol car for no legitimate reason.[3] Quinnelly kept pushing plaintiff even after being told he was hurt.[4] Quinnelly caused plaintiff to injure his right knee and undergo knee replacement surgery sooner than he otherwise would have.[5]

Officer Quinnelly removed plaintiff from the police car upon arrival at the Lauderdale County Jail. For no legitimate reason, Quinnelly threw plaintiff, whose hands were cuffed behind his back, into the wall by the entrance to the jail, thereby injuring plaintiff's left shoulder in a manner that later required surgery.[6] Plaintiff also

---

[2]*See id*. at 2.
[3]*See id*. at 3.
[4]*See id*.
[5]*See id*.
[6]*See id*.

alleges that either Quinnelly or another police officer punched him in the stomach after shoving him into the wall; plaintiff could not see which one hit him because his glasses came off when he was thrown into the wall.[7]

## II.  ANALYSIS

### A.  Qualified Immunity

"Qualified immunity protects from civil liability government officials who perform discretionary functions if the conduct of the officials does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Slicker v. Jackson*, 215 F.3d 1225, 1232 (11th Cir. 2000) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

"While qualified immunity is typically addressed at the summary judgment stage of the case, the defense may be raised and considered on a motion to dismiss; the motion will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) (quoting *Williams v. Alabama State University*, 102 F.3d 1179, 1182 (11th Cir.1997)); *see also, e.g.*, *Denno v. School Board of Volusia County*, 218 F.3d 1267, 1275 (11th Cir.2000); *Kyle v. Chapman*, 208 F.3d 940, 943 (11th Cir.2000); *Maggio v. Sipple*, 211 F.3d 1346, 1355 (11th Cir.2000) (reversing district court's failure to

---

[7]*See id.*

grant 12(b)(6) motion to dismiss because defendants entitled to qualified immunity).

> In a suit against an officer for an alleged violation of a constitutional right, the requisites of a qualified immunity defense must be considered in proper sequence. Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). The privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Ibid*. As a result, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) (*per curiam*).

*Saucier v. Katz*, 533 U.S. 194, 200-01(2001) (emphasis in original).

The court concludes that plaintiff adequately alleges a violation of a clearly established constitutional right against defendant Quinnelly. He asserts that Quinnelly caused physical injury to his knee and shoulder — injuries that were severe enough to require surgery — for no legitimate reason. Plaintiff alleges that Quinnelly's use of force was unreasonable under the circumstances. Thus, the motion to dismiss the excessive force claim under § 1983 on the basis of qualified immunity is due to be denied.

The court agrees with defendant Quinnelly, however, that plaintiff's claim of false arrest is too vague to state a claim upon which relief can be granted, or to avoid

dismissal on the basis of qualified immunity. Plaintiff does not adequately respond to this issue, devoting his response to only the claims surrounding the alleged excessive use of force.[8] Accordingly, defendant's motion to dismiss the false arrest claim against him in his individual capacity is due to be granted.

**B.     Discretionary Function Immunity**

Defendant Quinnelly also moves to dismiss plaintiff's supplemental state law claims of assault, battery, and excessive force, arguing that he is entitled to discretionary-function immunity under Alabama law. The statutory law of the State of Alabama provides that municipal police officers are entitled to such immunity under the following circumstances:

> Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, . . . and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, *and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties*.

Ala. Code § 6-5-338(a) (1975) (emphasis supplied). The Alabama Supreme Court

---

[8]*See generally* doc. no. 27 (plaintiff's response).

restated the rule governing State-agent immunity in a plurality decision in *Ex Parte Cranman*, 792 So. 2d 392 (Ala. 2000), and as modified in *Hollis v. City of Brighton*, 950 So. 2d 300, 309 (Ala. 2006), as follows:

> A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
>
>     (1) formulating plans, policies, or designs;  or
>
>     (2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
> - (a)    making administrative adjudications;
> - (b)    allocating resources;
> - (c)    negotiating contracts;
> - (d)    hiring, firing, transferring, assigning, or supervising personnel;  or
>
>     (3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner;  or
>
>     (4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons, *or serving as peace officers under circumstances entitling such officers to immunity pursuant to § 6-5-338(a), Ala. Code 1975.*
>
>     (5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.
>
> Notwithstanding anything to the contrary in the foregoing

statement of the rule, a State agent *shall not* be immune from civil liability in his or her personal capacity

> (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or

> (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

*Hollis*, 950 So. 2d at 309 (emphasis in original to emphasize additional language to the *Cranman* restatement); *Cranman*, 792 So. 2d at 405.

Defendant devotes most of his brief to this argument: if he is entitled to qualified immunity under federal law, he should be entitled to discretionary function immunity under state law.[9] The court already has determined that defendant is not entitled to dismissal of the excessive force claim under § 1983 on grounds of qualified immunity. Moreover, defendant would not be entitled to discretionary function immunity if he is found to have acted "willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." *Id*. Plaintiff *has* alleged that Quinnelly used excessive force and acted "willfully, maliciously, or in bad faith."[10]

Quinnelly's alleged excessive force, if found to be true, prevents his

---

[9] *See* doc. no. 26 (defendant's amended brief) at 20-28.

[10] *See* doc. no. 1 (complaint) at 7.

unauthorized behavior from being cloaked under a mask of discretionary function immunity. If a jury believes plaintiff's version of events, then discretionary function immunity would not apply. While evidence presented with a motion for summary judgment may contradict and even defeat plaintiff's allegations, those allegations must be accepted as true at this stage of the proceedings. Thus, Quinnelly's motion to dismiss on the basis of discretionary function immunity is due to be denied.

**C.     Failure to Timely Serve Defendant**

Defendant alternatively argues that his motion to dismiss should be granted because he was not timely served with process. This action was filed on January 17, 2007.[11] Defendant Quinnelly, a former police officer of the City of Rogersville, Alabama, was not served with process within the initial 120-day period of Rule 4(m).[12] On the last day of the 120-day period, plaintiff filed a motion requesting an additional sixty days to serve Quinnelly.[13] The court granted plaintiff's motion, thereby extending the period to serve Quinnelly until July 16, 2007. Quinnelly was served with a copy of the complaint on July 27, 2007.[14] Plaintiff filed a second motion for extension of time for service on August 6, 2007, which was granted the

---

[11] *See* doc. no. 1 (complaint).
[12] *See* doc. no. 26 (defendant's amended brief) at 2.
[13] *See* doc. no. 20 (motion for extension of time).
[14] *See* doc. no. 21 (summons returned executed).

next day.[15] Plaintiff's counsel explained in his motion that, "[d]ue to an oversight, the undersigned did not docket the 60-day period on his calendar and did not move within the 60-day period for an extension of time for service."[16]  Plaintiff further explained that he had been diligently attempting to serve Quinnelly, hiring an investigator who traveled over 1,200 miles and logged many hours trying to locate and serve Quinnelly at multiple locations in Alabama and Mississippi.[17]  Allowing additional time for service is a matter that lies in the sound discretion of the court, and the decision does not depend upon a showing of good cause. *See Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).  Given plaintiff's documented difficulty in locating Quinnelly despite diligent efforts to do so however, the court easily concludes that defendant's motion to dismiss for late service is due to be denied.

### III.  CONCLUSIONS and ORDERS

Defendant's motion to dismiss is GRANTED IN PART AND DENIED IN PART.  Plaintiff's § 1983 claim of false arrest against defendant Quinnelly in his individual capacity is dismissed.  Plaintiff's § 1983 excessive force claim and state law claims remain.  Defendant Quinnelly is ordered to file an answer on or before

---

[15]*See* doc. no. 22 (second motion for extension of time) and docket entry for 8/7/07 granting motion for extension of time.

[16]Doc. no. 22 (second motion for extension) at 1.

[17]*See id*. at 2.

February 28, 2008.

    DONE this 14th day of February, 2008.

                                                            _____

                                                             United States District Judge